UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 7, 2013

LETTER TO COUNSEL:

> RE:   *Thomas J. Bracey v. Commissioner, Social Security Administration*;
> Civil No. SAG-10-2941

Dear Counsel:

On October 19, 2010, the Plaintiff, Thomas J. Bracey, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 27). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Bracey filed his claims on December 16, 2008, alleging disability beginning on December 3, 2008. (Tr. 123-29). His claims were denied initially and on reconsideration . (Tr. 56-60). A hearing was held on May 6, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 21-55). Following the hearing, on May 27, 2010, the ALJ determined that Mr. Bracey was not disabled during the relevant time frame. (Tr. 9-17). The Appeals Council denied Mr. Bracey's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Bracey suffered from the severe impairments of his status post gunshot wound to the lower right leg, a major depressive disorder, recurrent with psychotic features, and a history of attention deficit hyperactive disorder ("ADHD"). (Tr. 11). Despite these impairments, the ALJ determined that Mr. Bracey retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to standing or walking up to two hours. He can never perform activities requiring climbing ladders, ropes, or scaffolds and on occasion the claimant can perform activities requiring climbing stairs/ramps, crouching, crawling, kneeling stooping, and balancing. The claimant is limited to unskilled work involving short, simple instructions that are repetitive and routine in nature. He is limited to

*Thomas J. Bracey v. Commissioner, Social Security Administration*
Civil No. SAG-10-2941
January 7, 2013
Page 2

    occasional contact with others.

(Tr. 13). After considering the testimony of a vocational expert ("VE"), and considering Rule 202.20, the ALJ determined that Mr. Bracey could perform jobs that exist in significant numbers in the local and national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 16).

    Mr. Bracey presents three arguments on appeal. First, he contends there is no medical basis for the ALJ's mental RFC determination. Mr. Bracey also argues that the ALJ failed to seek evidence from the Agency regarding his ADHD, for which he alleges he received childhood SSI benefits. Mr. Bracey's third and final argument is that the ALJ erred in rejecting the opinions of his treating physician. After careful review of the entire record and the ALJ's decision, I find his arguments are without merit.

    First, Mr. Bracey argues that the ALJ's mental RFC determination was impermissibly based on the ALJ's "own lay medical conjecture[,]" and was completed without support from any medical authority. Pl. Mot. 7-8. While the ALJ's analysis of Mr. Bracey's mental impairments could have been more detailed, the ALJ discussed Mr. Bracey's treatment notes, Mr. Bracey's mental health issues as an adolescent, and Mr. Bracey's testimony regarding his mental health. (Tr. 15). The ALJ also found that Mr. Bracey had: (1) "mild" limitations in activities of daily living; (2) "moderate" limitations in social functioning; (3) "moderate" limitations in concentration, persistence, or pace; and (4) experienced "no" episodes of decompensation. (Tr. 12). Moreover, the claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). As the ALJ correctly noted, Mr. Bracey simply did not provide medical evidence, other than the few treatment notes reviewed by the ALJ, regarding his mental impairments. (Tr. 223-34, 15). Mr. Bracey has not suggested, nor does the undersigned find, that his depression resulted in more than the moderate limitations found by the ALJ in the four areas of functioning. Accordingly, the ALJ's mental RFC determination is supported by substantial evidence.[1]

    Mr. Bracey's allegation that the ALJ was required to submit favorable documentation of Mr. Bracey's childhood SSI claim for ADHD, and that this evidence was withheld from counsel, is unfounded. At the outset of the administrative hearing, Mr. Bracey's counsel was asked whether he intended to submit additional evidence, and counsel replied "no." (Tr. 26). During the hearing, Mr. Bracey's counsel stated that Mr. Bracey received benefits as a child for this condition, but did not argue, or even request, that those medical records be made part of the current application. (Tr. 21-55). Furthermore, the ALJ accepted Mr. Bracey's allegation that he had a history of ADHD and found that it constituted a severe impairment. (Tr. 11). The history of ADHD was noted in the medical records from Healthcare for the Homeless. *See* Exhibit 8F

---

[1] Mr. Bracey also contends, under the heading "The ALJ is Not Qualified to Evaluate a Mental Impairment," that the ALJ failed to evaluate his obesity. Pl. Mot. 7-8. This argument lacks merit because there is no evidence in the record indicating that Mr. Bracey's obesity limited his ability to do basic work activities in any way. *See* SSR 02-1p.

(Tr. 235-38).  Therefore, I am unable to conclude that the Mr. Bracey's allegation of disabling ADHD was ignored, or, that the ALJ failed to proffer favorable evidence to counsel as alleged.

I also find that the ALJ properly considered the opinion of Mr. Bracey's treating physician, Ramin Mazhari, M.D.  A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record.  *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d)(2).  Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented. 20 C.F.R. § 404.1527(d).  These factors include the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the extent to which a medical opinion is supported by evidence; the consistency of a medical opinion with the record as a whole; and the specialization of the physician. 20 C.F.R. § 404.1527(d)(1)-(5). Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Issues reserved to the Commissioner are administrative findings – such as determining a claimant's RFC – that are dispositive of a case. *Id*.  In his written opinion in this case, the ALJ expressly considered Dr. Mazhari's Physical Medical Assessment to do Work Related Activities.  He found that the opinion was entitled to little weight because it was inconsistent with the overall medical evidence of record and was vague.  (Tr. 14).  The ALJ found that Dr. Mazhari's opinions as to some of Mr. Bracey's physical limitations were extreme and were not supported by the treatment records.  However, the ALJ did not reject all of Dr. Mazhari's limitations, but rather included some of the limitations in his RFC.  For example, the ALJ's RFC finding is consistent with Dr. Mazhari's opinion regarding Mr. Bracey's ability to stand and walk for only two hours. (Tr. 13).

It is clear from the ALJ's opinion that he engaged in the required analysis and considered each of the factors listed in 20 C.F.R. § 404.1527(d).  The ALJ's rejection of some of Dr. Mazhari's opinions is supported by substantial evidence, namely the mild limitations in Mr. Bracey's activities of daily living and moderate social functioning, and the opinions of the state medical consultants that Mr. Bracey is able to work with certain limitations.[2]  The ALJ's decision to adopt the opinions of those state consultants is in accordance with SSR 96-6p, which provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.  When conflicting evidence is presented, the ALJ retains the discretion to resolve such inconsistencies.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). It is clear that the ALJ did so here. Because substantial evidence supports the ALJ's analysis, remand is unwarranted and the ALJ's decision will be affirmed.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14 ) will be DENIED and Defendant's motion for summary judgment (ECF No. 27) will be GRANTED.  The clerk is directed to CLOSE this case.

---

[2] The ALJ accorded significant weight to the reports completed by state agency physicians, which are located at Exhibits 4F and 6F.

*Thomas J. Bracey v. Commissioner, Social Security Administration*
Civil No. SAG-10-2941
January 7, 2013
Page 4

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                        Sincerely yours,

                                        /s/

                                        Stephanie A. Gallagher
                                        United States Magistrate Judge